

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| JOHN W. EASOM, ET AL | CIVIL ACTION NO. 5:11-cv-438 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| FOREMOST INSURANCE CO. | MAGISTRATE JUDGE MARK HORNSBY |

## MEMORANDUM ORDER

Before the Court is a Motion for Summary Judgment [Record Document 8] filed by Defendant Foremost Insurance Co. In their complaint, Plaintiffs seek a judgment declaring that their homeowner's insurance policy covered the property at issue when it was destroyed by fire on November 25, 2008. In their motion for summary judgment, Foremost contends that Plaintiffs have failed to raise a dispute of fact material to the question of whether notice of cancellation was properly mailed by Foremost prior to the destruction of the property. For the reasons stated herein, Defendants' Motion for Summary Judgment is **DENIED**.

### I. Factual and Procedural Background

In August 2002, John and Betty Easom ("Plaintiffs") received a $70,000 mortgage from their son and now deceased daughter-in-law to secure indebtedness to Plaintiffs. The mortgage was on their son's house (the "subject property"). After receiving the mortgage, John Easom obtained a fire and extended coverage insurance policy for the subject property from Foremost Insurance Company. The policy stated that Plaintiffs were the

primary lienholders. [Record Document 13]. On April 2, 2008, Defendant renewed the insurance policy. The policy had a term of one year. [Record Document 8-1].

Plaintiffs occasionally received notices of nonpayment of the insurance premiums. In response, they would advance their own funds to pay the premiums. All other payments of premiums were made through an automatic bank withdrawal set up on a mortgagee's bank account. Sometime prior to November of 2008, a premium was not paid because of a lack of sufficient funds in the bank account. [Record Document 13].

The employee responsible for overseeing Foremost's mailing operations has signed an affidavit stating that on October 31, 2008 cancellation notices for Plaintiffs and their son were prepared informing them that the policy would be cancelled effective 12:01 a.m. on November 17, 2008 for nonpayment of premiums. [Record Document 12]. The affidavit further states that on November 3, 2008, these notices were forwarded to both Plaintiffs and their son at their respective mailing addresses listed on the insurance policy. Id. The affiant claims that although Foremost does not require its employees to "maintain a U.S. Postal Service proof of mailing for notices forwarded to lienholders... [a]nytime a cancellation notice is mailed out on a policy all lienholders are automatically sent the same notice." Id. Plaintiffs deny receipt of the notice of cancellation, claiming that they first received notice of the unpaid premium in a document titled "Final Account Status" that was mailed on December 2, 2008 and received on December 5, 2008. [Record Document 13].

On November 25, 2008, a fire destroyed the subject property. [Record Document 10]. Plaintiffs filed suit in state court seeking a judgment declaring that their homeowner's

insurance policy covered the property at issue when it was destroyed by fire on November 25, 2008. [Record Document 1-3, pp. 4-5]. After removing the suit to this Court, Foremost filed a motion for summary judgment on the grounds that there is no genuine dispute that it complied with the statutory notice requirements for cancellation by properly mailing the notice of cancellation to Plaintiffs on November 3, 2008. Foremost argues that because the insurance policy was cancelled on November 17, 2008, the policy provided no coverage on November 25, the day of the fire. Plaintiffs maintain they did not receive notice of Defendant's cancellation of their insurance policy on the subject property and that this failure of receipt is material to the question of whether the notice was properly delivered as required by statute and the jurisprudence.

## II. Standard for Rule 56 Motion for Summary Judgment

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure if the movant shows that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When the moving party does not bear the ultimate burden of persuasion on the claim at issue, they may meet their burden of production by offering affirmative evidence in the form of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials proving that the non-moving party cannot show a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(a). If the moving party carries its burden of production under Rule 56, the burden shifts to the non-

moving party to show that there is a genuine dispute as to material fact for trial, either by pointing to or rehabilitating evidence already in the record, or by offering new evidence. Celotex v. Catrett, 477 U.S. 317, 332-33 (Brennen, J., dissenting).

A genuine dispute for trial exists when a rational trier of fact looking at the record could find for the nonmoving party. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Co., 475 U.S. 574, 586-87 (1986); Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). Though the Court must view the evidence in the light most favorable to the non-moving party, the factual context of the claim is important in determining whether a rational trier of fact could find for the non-moving party. Matsushita Elec. Industrical Co., 475 U.S. at 588. A fact is only material if it "might affect the outcome of the suit under the governing law". Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). Thus, the fact must be relevant to the legal dispute at issue in order to be considered material. Id. ("Factual disputes that are irrelevant or unnecessary will not be counted.") If the non-moving party makes an evidentiary showing of a genuine issue of material fact, then the burden shifts again to the moving party to show the inadequacy of this evidence. Celotex, 477 U.S. at 332. However, if the non-moving party does not carry its burden, the court shall enter summary judgment against them. Fed. R. Civ. P. 56(a).

### III. Law and Analysis

As this case is before the Court under diversity jurisdiction, the Court must apply the substantive law of the forum state. Bradley v. Allstate Ins. Co., 620 F.3d 509, 517 n.2 (5th Cir. 2010) (citing Erie R.R. v. Tompkins, 304 U.S. 64 (1938)). The Fifth Circuit in In re

<u>Katrina Canal Breaches Litigation</u> stated the appropriate methodology for a Federal Court sitting in diversity in Louisiana to apply:

> To determine Louisiana law, we look to the final decisions of the Louisiana Supreme Court. In the absence of a final decision by the Louisiana Supreme Court, we must make an Erie guess and determine, in our best judgment, how that court would resolve the issue if presented with the same case. In making an Erie guess, we must employ Louisiana's civilian methodology, whereby we first examine primary sources of law: the constitution, codes, and statutes. Jurisprudence, even when it rises to the level of *jurisprudence constante*, is a secondary law source in Louisiana. Thus, although we will not disregard the decisions of Louisiana's intermediate courts unless we are convinced that the Louisiana Supreme Court would decide otherwise, we are not strictly bound by them.
>
> 495 F.3d 191, 206 (5th Cir. 2007) (citations and internal quotation marks omitted).

The Court will therefore apply Louisiana substantive law and Louisiana civilian methodology to this dispute.

La. Rev. Stat. § 22:887(A)(1)(a) provides that in order to cancel an insurance policy for non-payment of premiums, notice must be "actually delivered or mailed" to the mortgagee within 10 days of cancellation. The statue defines "mailing" as "depositing [the notice] in a sealed envelope, directed to the addressee at his last address as known to the insurer or as shown by the insurer's records, with proper prepaid postage affixed, in a letter depository of the United States Post Office." La. Rev. Stat. § 22:887(B). The statute also provides that "[t]he affidavit of the individual making or supervising such a mailing, shall constitute prima facie evidence of such facts of the mailing as are therein affirmed." La. R.S. § 22:887(C)

Interpreting an earlier incarnation of this statute, the Louisiana Supreme Court held that the word "mailed" does not mean simply placing the notice in the mail; rather, "mailing" implies delivery of the notice to the address. Broadway v. All-Star Ins. Co., 285 So.2d 536, 540 (La. 1973). Recognizing the difficulty of proving delivery, the court has also held that an affidavit stating that the notice of cancellation was mailed establishes a rebuttable presumption that the notice was delivered to the insured. After the insurer offers such an affidavit, the insured must offer affirmative proof of non-delivery in order to show that notice was not properly mailed. Cuccia v. Allstate Ins. Co., 263 So.2d 884, 887-88 (1972). Recently, in interpreting a related statute governing non-renewal of homeowner insurance policies the Louisiana Supreme Court has held that because proof of receipt is not required by the statute, "any evidence of non-delivery is relevant only as far as it is evidence of non-mailing or improper mailing, which is an issue for the fact finder to resolve." Johnson v. La. Farm Bureau Cas. Ins. Co., 60 So.3d 607, 608 (La. 2011) (interpreting La. Rev. Stat. § 22:1335). Johnson thus holds that proper mailing may be found even if an insured succeeds in proving non-delivery. Though Johnson interprets the statute governing non-renewal rather than cancellation, its holding appears to be in some conflict with the holding of the Broadway court that a finding of non-delivery requires a finding of improper mailing. However, a number of prudential factors counsel this Court not to delve too deeply into this jurisprudential thicket in order to attempt a resolution of this conflit: Johnson interprets a slightly different statute than the one governing this case; the parties have not directly addressed the apparent conflict in the jurisprudence in their

briefs; and most importantly, the disposition of this motion for summary judgment is the same under either standard. Accordingly, the Court will assume for the purposes of this motion that proof of non-delivery does not conclusively show improper mailing.

Many Louisiana appellate cases have addressed the question of whether an affidavit merely alleging non-delivery is sufficient to raise a dispute of fact that is material to the question of whether the presumption of delivery has been rebutted. The holdings of these cases do not reduce neatly to a simple rule. Still, Louisiana courts tend to treat the question of whether the presumption of delivery has been rebutted as a question appropriate for determination by the fact-finder. Many of the opinions addressing the evidence required to rebut the presumption review jury determinations of whether delivery was accomplished—a procedural posture where the issue of competing summary judgment affidavits is not raised. In the cases with competing affidavits where courts grant summary judgment, the proof of delivery of notice is generally substantial and uncontradicted by the insured's bald assertion that he did not receive notice. Compare Manh An Bui v. Farmer's Ins. Exchange, 68 So.3d 656 (La. App. 1 Cir. 2011)(material issue of fact raised by affidavit alleging non-receipt when insurer only offers affidavit alleging proper mailing), Ardoin v. Audubon, 434 So.2d 627 (La. App. 3rd Cir. 1983) (reviewing finding regarding rebuttal of presumption of delivery of notice made at trial), Sutton v. Langley, 330 So.2d 321 (La. App. 2nd Cir. 1976) (same), and Burge v. Allstate, 710 So.2d 1196 (La. App. 5th Cir. 1998) (same), with Freeman v. Audubon Insurance, 11 So.3d 509 (La. App. 4th Cir. 2009) (summary judgment appropriate when insured acknowledged receipt of unused premium

payments), Talley v. First of Georgia Underwriters, 596 So.2d 408 (La. App. 4th Cir. 1992) (summary judgment appropriate when insured alleged lack of notice in the face of multiple affidavits stating that notice was mailed multiple times and that insured was personally delivered notification), Folds v. Protective, 647 So.2d 1215 (La. App. 2 Cir. 1994) (summary judgment appropriate when insured admitted in deposition that she received notice), and Goudeau v. Fontenot, 621 So.2d 201 (La. App. 3rd cir. 1993) (summary judgment appropriate because there was no affirmative proof of non-delivery when affiants for insured company were not responsible for overseeing receipt of mail.); but see Collins v. State Farm Insurance Co., 69 So.3d 481 (La.App. 4 Cir. 2011) (holding that affidavit alleging non-receipt of notice of non-renewal did not raise a material question of fact, and drawing a distinction between statutes governing notice of non-renewal and statutes governing notice of cancellation). The lack of clarity in the jurisprudence is to be expected, as the resolution of the question whether an affidavit asserting non-receipt raises a genuine dispute of material fact necessarily depends on the factual context of each case. Matsushita Elec. Industrial Co., 475 U.S. at 588. It is a contextual analysis irreducible to a simple bright-line rule.

In the instant case, the question is then whether the Easoms' affidavit raises a question of fact material to the determination of whether the November 3, 2008 cancellation notice was delivered. While Foremost's affidavit does raise a rebuttable presumption that the notice was delivered, that presumption is not conclusive. The Court must view the evidence in the light most favorable to Plaintiffs and may not make

credibility determinations. Apart from the word of their affiant, Foremost does not have proof of proper mailing and delivery of the cancellation notice to the mortgagees. The question of whether proper mailing and delivery were made, then, depends largely on whether the fact-finder chooses to believe Foremost's affiant or the Easoms'. It is true that a rational jury could decide that both affidavits are accurate—that is, that the notice was properly mailed and delivered and that the Easoms simply did not receive it. However, the jury could also reasonably infer from the fact that the Easoms received and responded to numerous previous similar notices that their non-receipt of this release indicates that it was never properly mailed and delivered to them. Thus, the question of whether they ever received the notice this time is material to the question of whether this notice was properly mailed.

Foremost argues that allowing the plaintiff to raise a material question of fact by simply submitting an affidavit stating that they did not receive notice will turn every similar case into a he-said/she-said battle. This is true to the extent that if a genuine dispute of material fact exists regarding delivery, the fact-finder will simply have to choose whose version of the facts to believe. Furthermore, in this case Plaintiffs' affidavit does not contain only a bald statement that they did not receive notice. The affidavit also alleges other facts that give the question of receipt of notice more probative value in the determination of whether notice was ever properly mailed. An allegation of non-receipt will not always raise a genuine dispute of material fact regarding delivery. See e.g. Freeman, 11 So.3d at 510-

11. In this case, however, the Easoms' affidavit does raise a genuine question of material fact, and therefore summary judgment is not appropriate.

### IV. Conclusion.

For the foregoing reasons;

**IT IS ORDERED** that Defendant's Motion for Summary Judgment [Record Documents 8] be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this ___ day of ~~September,~~ 2012.

